UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JOSHUA ALLEN VANKIRK,

Plaintiff,

v.                                                    CAUSE NO. 2:26-CV-056-PPS-JEM

ANDERSON, et al.,

Defendants.

OPINION AND ORDER

Joshua Allen VanKirk, a prisoner without a lawyer, filed a complaint alleging he has been denied access to the law library so he can prepare paperwork challenging outstanding warrants and detainers from Missouri and Oklahoma. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Prisoners are entitled to access the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). VanKirk alleges he has been denied law library access, but there is no "abstract, freestanding right" to the law library or to legal materials. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Access to the courts is limited to the "right to bring to court a grievance that

the inmate wishe[s] to present[.]" *Lewis v. Casey*, 518 U.S. 343, 354 (1996). VanKirk

alleges jail officials refuse to help him prepare challenges to his outstanding warrants

and detainers. Jail officials cannot prevent him from accessing the courts, but they are

not required to help him "litigate effectively once in court." *Id*. It appears VanKirk has

been delayed in accessing the courts of Missouri and Oklahoma, but he has not alleged

facts from which it can be plausibly inferred that is because jail officials have actually

obstructed his access to those courts. It appears the delay is because he does not know

how to present a warrant/detainer challenge in those states. However, even if jail

officials have delayed him, "a delay becomes an injury only if it results in actual

substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003)

(quotation mark omitted). To establish a violation of the right to access the courts, an

inmate must show that unjustified acts or conditions (by defendants acting under color

of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v.*

*Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), and that actual injury (or harm) resulted.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual

injury requirement as a constitutional prerequisite to a prisoner asserting lack of access

to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev.

2017). In other words, "the mere denial of access to a prison law library or to other legal

materials is not itself a violation of a prisoner's rights; his right is to access *the courts*,"

and only if the defendants' conduct prejudices a potentially meritorious legal claim has

the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (cleaned up). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

This complaint does not state a claim, but if VanKirk believes he can state a claim based on (and consistent with) the events described in the complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

3

VanKirk also filed an in forma pauperis motion. ECF 2. He did not attach an official copy of his prisoner trust fund account statement showing every transaction for the last six months. If he wants to proceed in forma pauperis, he must file his ledger.

For these reasons, the court:

(1) GRANTS Joshua Allen VanKirk until **April 10, 2026**, to file an amended complaint with a copy of his ledger; and

(2) CAUTIONS Joshua Allen VanKirk if he does not respond by the deadline, he will be denied leave to proceed in forma pauperis and this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED: March 13, 2026.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4